```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA

STATE RESOURCES CORP.,                  )
                                        )
            Plaintiff,                  )
                                        )
v.                                      ) No. CIV-12-419-FHS
                                        )
SECURITY UNION TITLE INSURANCE,         )
COMPANY,                                )
                                        )
            Defendant.                  )
```

## OPINION AND ORDER

Before the Court for its consideration is the Motion to Dismiss (Dkt. No. 5) filed by Defendant, Security Union Title Insurance Company ("Security Union"), for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons stated below, Security Union's request for dismissal is denied.

On January 13, 2010, Peter J. Mothersole and Michelle R. Mothersole (the "Mothersoles") executed a promissory note in favor of The First National Bank of Davis (the "Bank") in the amount of $315,000.00.  This loan was secured by the Mothersoles' execution of a real estate mortgage with power of sale in favor of the Bank encumbering certain real property (the "Property") in Hughes County, Oklahoma.  On January 19, 2010, the Bank obtained title insurance policy no. 75307-80142871 (the "Policy") from Security Union in the amount of $315,000.00 in order to protect its mortgage-lien interest in the Property purchased by the Mothersoles.  Under the policy, the Bank and its successors and/or assigns are the named insured.  Among other things, the Policy insures against loss or damage, not exceeding the insurance amount

1

of $315,000.00, sustained or incurred by the insured by reason of "[t]he lack of priority of the lien of the Insured Mortgage upon the Title over any other lien or encumbrance." Policy, p. 1 (Exhibit "A" to Complaint).

Subsequent to the issuance of the Bank's loan to the Mothersoles it was discovered by the Federal Deposit Insurance Corporation, as Receiver for The First National Bank of Davis (the "FDIC"), that a prior recorded mortgage existed against the Property.[1] This prior mortgage was executed in favor of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture (the "FSA"), securing debts totaling $570,000.00 and was recorded in the Hughes County Clerk's records on September 9, 2009. This FSA mortgage was not excepted from coverage under Schedule B of the Policy issued by Security Union in favor of the FDIC, through the Bank. The FDIC requested that the FSA subordinate its mortgage to the FDIC mortgage, but the FSA declined to do so. Based on its lack of priority with respect to the FSA mortgage, the FDIC notified Security Union on February 16, 2012, of its claim and demand for payment under the Policy. Security Union has failed to accept and pay the FDIC's claim. On March 10, 2012, the FDIC filed this lawsuit against Security Union alleging breach of contract for Security Union's failure to pay the FDIC's claim under the Policy originally issued to the Bank.[2]

---

[1] On March 11, 2011, the Bank was declared insolvent by the Office of the Comptroller of the Currency and the FDIC was appointed as the Bank's receiver. The Bank succeeded to all rights, titles, powers, and privileges of the Bank.

[2] On March 26, 2012, the FDIC sold its right, title, and interest in the Mothersoles' loan to Plaintiff, State Resources Corp. On December 4, 2012, the Court entered an Order substituting State Resources Corp. for the FDIC as Plaintiff herein.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a party asserting a claim must present in its pleading "a short and plain statement of the claim showing that [it] is entitled to relief."  When testing the sufficiency of a complaint, the Court accepts the allegations of the complaint as true and views all allegations in the light most favorable to plaintiff.  Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 806 (10th Cir. 1999). The pleading standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "Naked assertions" without any "further factual enhancement" will not suffice.  Twombly, 550 U.S. at 557. Likewise, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

Under this pleading standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 545.  Pursuant to Rule 8, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  To satisfy this standard, Plaintiff must "nudge[] [its] claim[] across the line from conceivable to plausible." Twombly, 550 U.S. at 570.  The degree of specificity required is dependent on the context of the case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

3

Plaintiff's allegations clearly satisfy this pleading standard. Under the Policy issued, Security Union agreed to insure Plaintiff "against loss or damage, not exceeding the Amount of Insurance, sustained or incurred by the Insured by reason of . . . [t]he lack of priority of the lien of the Insured Mortgage upon the Title over any other lien or encumbrance." In its Complaint, Plaintiff has set forth a plausible claim for breach of contract by alleging the contractual terms of the Policy, Plaintiff's subordinate position to the FSA mortgage, Security Union's failure to pay Plaintiff's claim or rectify its title position, and the loss or damages flowing from Plaintiff's subordinate position. Of primary importance, Plaintiff's allegation that its lien position is subordinate to the FSA's lien position constitutes a "loss or damage" under the plain language of the Policy. Although the term "loss or damage" is not defined by the Policy, Plaintiff's loss or damage in this context is clearly its subordinate position to another mortgage on property which, it is alleged, is not of sufficient value to satisfy the debt the property secures. The nature and extent of such loss is a factual determination to be made at a later stage of the proceedings. The Court rejects Security Union's argument that before a "loss or damage" can be established Plaintiff must necessarily allege that they paid off the FSA lien, the Property has been sold to satisfy creditors, or the Mothersoles are in default. To insert an indemnification, liquidation, or default element into this equation, as Security Union proposes, would not only add a requirement not found in the parties' contractual agreement, but it would also alter the fundamental purpose of the title insurance bargained for by Plaintiff, i.e. the primacy of its mortgage-lien position. Consequently, the Court finds Plaintiff's allegations in connection with its breach of contract claim against Security Union satisfy the plausibility standard for assessing a motion to dismiss.

Based on the foregoing reasons, Security Union's Motion to Dismiss (Dkt. No. 5) is denied.

It is so ordered this 17th day of January, 2013.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma